# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## CEDAR RAPIDS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | | |
| Plaintiff, | | No. 11-CR-35-LRR |
| vs. | | **ORDER** |
| HAROLD MILLER, | | |
| Defendant. | | |

_____

## I. INTRODUCTION

The matter before the court is Defendant Harold Miller's "Rule 12(b)(2) Motion for Legal Ruling on Whether Prior Conviction is Exempt Pursuant to 18 U.S.C. §[] 921(a)(20)(A)" ("Motion") (docket no. 9).

## II. RELEVANT PROCEDURAL HISTORY

In 2007, Defendant was convicted of "scheme to defraud in the first degree," in violation of New York Public Law § 190.65.

On February 15, 2011, a grand jury returned a two-count Indictment (docket no. 2) against Defendant. Counts 1 and 2 charge Defendant with being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On March 22, 2011, Defendant filed the Motion. On March 31, 2011, the government filed a Resistance (docket no. 12).

## III. ANALYSIS

First, the court notes that it may properly consider the Motion at this stage of the proceedings. Federal Rule of Criminal Procedure 12(b)(2) states "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue." Fed. R. Crim. P. 12(b)(2).

Title 18 U.S.C. § 922(g)(1) prohibits persons who have been convicted of "a crime punishable by imprisonment for a term exceeding one year" from possessing a firearm. Although Defendant concedes that he has been convicted of a crime punishable by greater than one year, he argues that his crime is statutorily exempt from this provision. Defendant relies upon 18 U.S.C. § 921(a)(20)(A), which states that a felony for purposes of the statute does not include "any Federal or State offenses pertaining to antitrust violations, unfair trade practices, restraints of trade, or other similar offenses relating to the regulation of business practices."

Defendant's predicate felony is "scheme to defraud in the first degree," in violation of New York Public Law § 190.65, which states:

> A person is guilty of a scheme to defraud in the first degree when he or she: (a) engages in a scheme constituting a systematic ongoing course of conduct with intent to defraud ten or more persons or to obtain property from ten or more persons by false or fraudulent pretenses, representations or promises, and so obtains property from one or more of such persons; or (b) engages in a scheme constituting a systematic ongoing course of conduct with intent to defraud more than one person or to obtain property from more than one person by false or fraudulent pretenses, representations or promises, and so obtains property with a value in excess of one thousand dollars from one or more such persons; or (c) engages in a scheme constituting a systematic ongoing course of conduct with intent to defraud more than one person, more than one of whom is a vulnerable elderly person as defined in subdivision three of section 260.30 of this chapter or to obtain property from more than one person, more than one of whom is a vulnerable elderly person as defined in subdivision three of section 260.30 of this chapter, by false or fraudulent pretenses, representations or promises, and so obtains property from one or more such persons.

In *United States v. Stanko*, 491 F.3d 408 (8th Cir. 2007), the defendant argued that a violation of the Federal Meat Inspection Act is an exempt crime under § 921(a)(20)(A).

He asserted that the exemption includes *all* offenses related to the regulation of business practices and that the specific offenses listed in the statute were simply examples of excluded crimes. *Id.* at 413. The Eighth Circuit Court of Appeals disagreed and held that "the plain meaning of the statute indicates Congress's intent to limit the offenses that fall within the § 921(a)(20)(A) exclusion to those pertaining to antitrust violation, unfair trade practices, restraints of trade, or offenses similar to them." *Id.* at 414.

Antitrust law is "designed to protect trade and commerce from restraints, monopolies, price-fixing, and price discrimination." Black's Law Dictionary (9th ed. 2009). Unfair trade practices generally refers to unfair competition, false advertising and deceptive trade practices. *Id.* Restraint of trade refers to either antitrust generally or "[a] limitation on business dealings or professional or gainful occupations." *Id.*

Because § 921(a)(20)(A) does not exclude any crime related to business regulation, the court must decide whether Defendant's prior felony is sufficiently similar to those listed in § 921(a)(20)(A).[1] Defendant argues that the New York legislature enacted § 190.65 to "protect[] consumers from economic harm." Brief in Support of Motion (docket no. 9-1) at 4. He asserts that because the enumerated offenses in § 921(a)(20)(A) primarily relate to protecting consumers, a § 190.65 violation should be excluded as well.

Defendant's argument fails for two reasons. First, § 190.65 has purposes outside the consumer fraud context. Second, even if the statute's main purpose is consumer protection, that fact alone is insufficient to bring it within the exclusion. While "[i]t is true that most [interpretations of § 190.65] involve consumer fraud perpetrated through false advertising and false promises[,]" criminal prosecutions have arisen under the statute in a variety of contexts. *Beth Israel Medical Center v. Smith*, 576 F. Supp. 1061, 1066

---

[1] The court notes that it may properly consider this inquiry. Whether a prior offense falls within the exclusion is "a question of law for the court rather than one of fact for the jury." *Stanko*, 491 F.3d at 412.

(S.D.N.Y. 1983). The statute is modeled after "the federal mail fraud statute, which clearly encompasses a wide variety of fraudulent practices beyond the area of consumer fraud." *Id.* at 1066-67.

Even if § 190.65 is primarily a consumer protection measure, that does not necessarily mean it fits within the § 921(a)(20)(A) exclusion. Although the enumerated offenses are consumer protection-related offenses, many other consumer-related offenses are not listed and are not excluded. Accordingly, the Motion is **DENIED**.

**IT IS SO ORDERED.**

**DATED** this 19th day of April, 2011.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA